**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DAVID STROUD**, *et al*,

      **Plaintiffs,**

    **v.**

                          **Civil Action 2:25-cv-7**
                          **Judge Edmund A. Sargus, Jr.**
**HARBOR FREIGHT AND TOOLS USA,**      **Magistrate Judge Chelsey M. Vascura**
**INC.**, *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiffs commenced this action almost a year and a half ago on November 29, 2024, in the Court of Common Pleas for Franklin County, Ohio,. (Compl., ECF No. 4.) Plaintiffs' Complaint names as Defendants Harbor Freight and Tools USA, Inc., and Jiangsu Yingdeli Industrial Co, Ltd. (*Id.*). Harbor Freight removed the case to this Court on January 3, 2025. (Notice of Removal, ECF No. 1.) Since then, Plaintiffs have struggled to effect service of process over Jiangsu, a corporation based in China. After several status reports reflecting several aborted attempts at service, the undersigned ordered Plaintiffs on February 17, 2026, to "either serve process over Jiangsu Yingdeli Industrial Co, Ltd.; file a motion to drop Jiangsu Yingdeli Industrial Co, Ltd. as a party under Federal Rule of Civil Procedure 21; or file a properly supported motion for expedited discovery under Federal Rule of Civil Procedure 26(d)" within thirty days. (Order, ECF No. 30.) When the thirty days elapsed with no response from Plaintiffs, the undersigned ordered Plaintiffs on April 1, 2026, to show cause, within fourteen days, why the Court should not dismiss their claims against Jiangsu Yingdeli Industrial Co, Ltd. for failure to

prosecute. (ECF No. 31.) Plaintiffs were expressly cautioned that failure to show cause would result in dismissal of their claims against Jiangsu Yingdeli Industrial Co, Ltd. for failure to prosecute. (*Id.*) To date, there has been no further activity on the docket.

Under the circumstances, the undersigned recommends dismissal of Plaintiff's claims against Jiangsu Yingdeli Industrial Co, Ltd., pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's claims with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

2

Here, Plaintiffs failed to comply with the Court's orders instructing them to take further action in attempting to serve Jiangsu Yingdeli Industrial Co, Ltd. (*See* ECF Nos. 30, 31.) Moreover, the Court explicitly cautioned Plaintiffs in the April 1, 2026 Order that failure to show cause would result in dismissal of the claims against Jiangsu. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clears order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiffs have missed deadlines and disregarded the Court's orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiffs' claims against Defendant Jiangsu Yingdeli Industrial Co, Ltd., under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE